IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01701-BNB

NORMAN ADKINS,

    Applicant,

v.

ARCHULETTA, FCF Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Norman Adkins, is a prisoner currently incarcerated at the Fremont Correctional Facility.  Mr. Adkins initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He is challenging a judgment of conviction imposed by the Clear Creek County District Court in case number 04CR40.

    On July 1, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  After Judge Boland granted an extension of time to file a pre-answer response, Respondents filed their Pre-Answer Response (ECF No. 13) arguing that the application is untimely, that claim seven fails to state a cognizable habeas claim, and

that claims one, two, four, and eight are unexhausted and procedurally defaulted. Although Mr. Adkins was given the opportunity to file a reply, he did not do so within the time allowed.

The Court must construe the Application filed by Mr. Adkins liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

On August 5, 2005, Mr. Adkins was convicted by a jury of sexual assault on a child by one in a position of trust and sexual assault on a child. (*See* ECF No. 13-1 at 9-10; ECF No. 13-4 at 2.) The state district court imposed indeterminate sentences of twenty years to life for the sexual assault on a child by one in a position of trust conviction and ten years to life for the sexual assault on a child conviction, to be served concurrently. (ECF No. 13-4 at 2.)

On July 3, 2008, the Colorado Court of Appeals affirmed the judgement. (ECF No. 13-4.) The Colorado Supreme Court initially granted certiorari review (*see* ECF No. 13-6), but on October 21, 2009, following briefing and oral arguments, denied certiorari as having been improvidently granted. (ECF No. 13-7.)

On March 3, 2010, Mr. Adkins filed a motion for sentence reconsideration, which the state district court denied on November 12, 2010. (ECF No. 13-1 at 7-8.) Mr. Adkins did not appeal.

On November 23, 2010, Mr. Adkins filed a motion for postconviction relief under

Colo. R. Crim. P. 35(c). (ECF No. 13-1 at 7). On December 27, 2010, the state district court denied the motion. (*Id.*). Mr. Adkins did not appeal.

On September 26, 2011, Mr. Adkins filed a second motion for postconviction relief. (ECF No. 13-1 at 7.) The state district court denied the motion and the Colorado Court of Appeals affirmed on May 23, 2013. (ECF No. 13-9.) The Colorado Supreme Court denied certiorari review on February 3, 2014. (ECF No. 13-11)

Mr. Adkins initiated the instant action on June 18, 2014 by filing his § 2254 Application. (*See* ECF No. 4). He asserts the following eight claims:

    (1) trial counsel rendered ineffective assistance of counsel by failing to obtain evidence of an alternate suspect;

    (2) law enforcement failed to investigate evidence of an alternate suspect;

    (3) there was a failure to introduce excluded evidence of an alternate suspect;

    (4) the trial court erred by finding the four-year-old victim competent to testify;

    (5) a juror's verdict was not voluntary;

    (6) the trial court erred by admitting other acts evidence;

    (7) the appellate courts erred by refusing to consider the untimely appeal of his first postconviction motion; and

    (8) the different judges who presided over Mr. Adkins' criminal case engaged in misconduct by refusing to admit exculpatory evidence.

(ECF No. 1 at 5-6, 10-17.)

On July 29, 2014, Respondents filed the Pre-Answer Response arguing that the action is untimely pursuant to the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which the judgment in Mr. Adkins's criminal case became final. *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that the judgment became final and the one-year limitation period began to run on January 19, 2010, when the time expired for Mr. Adkins to file an appeal of the Colorado Supreme Court's October 21, 2009 order

4

denying certiorari review.  (ECF No. 13 at 5).

The Court agrees that Mr. Adkins' judgment became final on January 19, 2010. The Court also finds that the one-year limitation period began to run on January 19, 2010, because Mr. Adkins does not contend he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before the judgment became final.  See 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Adkins did not initiate this action within one year after January 19, 2010. Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion or other collateral review tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into

5

relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

As noted above, the one-year limitation period began to run on January 19, 2010. The limitation period ran for 43 days until Mr. Adkins filed a motion for reconsideration of sentence on March 3, 2010. The state district court denied the motion on November 12, 2010. Mr. Adkins did not appeal, but tolling for purposes of § 2244(d) continued until December 27, 2010, when the time expired to appeal the order denying the motion for reconsideration. *See* Colo. App. R 4(b). During the time period that Mr. Adkins could have appealed the order denying his motion for reconsideration, Mr. Adkins filed his first postconviction motion on November 23, 2010, which continued tolling of the one-year limitation period under § 2244(d)(2). On December 27, 2010, the state district court denied the postconviction motion. Thus, the one-year limitation period was tolled from March 3, 2010 through February 10, 2011, when the time expired to file an appeal of the state district court's December 27, 2010 order.

The limitation period resumed on February 11, 2011 and ran for 227 days until Mr. Adkins filed his second postconviction motion on September 26, 2011. Tolling resumed and continued until February 3, 2014, when the Colorado Supreme Court

denied certiorari review.

The limitation period resumed on February 4, 2014, and ran unabated for 95 days until it expired on May 9, 2014 (43 days + 227 days + 95 days = 365 days). Accordingly, the Application, which was received for filing on June 18, 2014, was untimely by 39 days.[1] Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson,* 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo,* 513 U.S. 298 (1995), and *Coleman v. Thompson,* 501 U.S. 722

---

[1]Even assuming that Mr. Adkins' Application was deemed filed on June 2, 2014, the date he signed the Application, presuming he placed the Application in the mail in accordance with the prisoner mailbox rule, *see Houston v. Lack,* 487 U.S. 226, 276 (1988), the Application still is untimely in the absence of further tolling.

(1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *Lopez v. Trani,* 628 F.3d 1228, 1230–31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Adkins argues in the Application that he can make a credible showing of actual innocence. Mr Adkins, however, fails to provide any new reliable evidence to support his claim of actual innocence. *See Schlup,* 513 U.S. at 324*; see also Johnson v. Medina,* 547 Fed. Appx. 880, 885 (10th Cir. 2013) (recognizing that actual innocence claims focus on "new evidence" and that applicant was aware of existence of alternate suspect during trial). Moreover, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall,* 935 F.2d at 1110; *see also Ketchum v. Cruz,* 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd,* 961 F.2d 916 (10th Cir. 1992).

For all these reasons, the Court finds that Mr. Adkins fails to present any

argument that would justify equitable tolling of the one-year limitation period. Therefore, the action will be dismissed in its entirety as barred by the one-year limitation period. Because the Court finds that the action is untimely, the Court need not address Respondents' additional argument that some of Mr. Adkins' claims are unexhausted or procedurally defaulted.

Furthermore, the Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  27th  day of   August  , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court